UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINALD HART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15-C-01217 |
| v. ) | |
| ) | Chief Judge Rubén Castillo |
| AMAZON.COM, INC., GLENDA SCALES ) | |
| AN INDIVIDUAL, ALL KNOWN ) | |
| AND UNKNOWN THIRD-PARTY AGENT ) | |
| SELLERS OF AMAZON, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Reginald Hart brings this action against Defendants Amazon.com, Inc. ("Amazon"), Glenda Scales ("Scales"), and "All Unknown and Known Third Party Agent Sellers of Amazon" ("Third-Party Sellers" and collectively "Defendants") alleging direct, contributory, and vicarious copyright infringement under the Federal Copyright Act, 17 U.S.C. § 101 *et seq.*, negligent spoliation of evidence, aiding and abetting "wrongful acts," intentional infliction of emotional distress, and a violation of the Illinois Right of Publicity Act ("IRPA"), 765 ILL. COMP. STAT. 1075/1 *et seq.* Before the Court is Amazon's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (R. 42, Def.'s Mot.) For the reasons stated below, the motion is granted.

## RELEVANT FACTS

Plaintiff, a resident of Illinois, has authored three books: *My Life as a Homeless Man*, *Vagabond Natural*, and *Vagabond Spiritual*. (R. 1, Compl. at 3.) These books focus on Plaintiff's experiences with homelessness and seek to "raise money and bring an end to vagabondage . . . ."

1

(*Id.*) Plaintiff sold his books in a "few published private sales," but because he was "creatively unhappy with his books," he "chose not to publish them to the public at large." (*Id.*)

In September 2009, Plaintiff discovered that *Vagabond Natural* was for sale on Amazon's website. (*Id.* at 11.) Following this discovery, Plaintiff sent Amazon a letter asking how it obtained his book, how long it had been available for sale, who gave Amazon authorization to sell the book, and how many copies had been sold. (*Id.*) Plaintiff never received a response from Amazon. (*Id.* at 11-12.) The following year, Plaintiff learned that a relative had purchased *Vagabond Natural* on Amazon's website. (*Id.* at 12.) In early 2014, Plaintiff learned that Amazon had also begun to sell *Vagabond Spiritual*, and that the same relative had also purchased this book on Amazon's website. (*Id.* at 13.) Thus, on March 23, 2014, Plaintiff sent another letter to Amazon asking for the books to be removed from its website. (*Id.* at 13-14; *see also* Ex. 8 to Compl.) In response to that letter, Amazon sent Plaintiff a letter, in which Amazon informed Plaintiff that it was "solely a search engine and not an online retailer." (R. 1, Compl. at 14.) Plaintiff also submitted at least one notification to Amazon through its "Report Infringement" page asking for Amazon to remove Plaintiff's books and reiterating that he has "never granted you and/or your third party sellers[] authorization to publicize—post or sell my titles through your website." (*Id.* at 16-17; *see also* Ex. 21 to Compl.) Plaintiff claims that, despite his repeated requests to remove his books from its website, Amazon continues to advertise and sell, both directly and through Third-Party Sellers, the unlawfully copied books. (R. 1, Compl. at 27-28, 35, 43-44, 48-50.)

Scales, a resident of Tennessee, is a "third party agent seller" of Amazon. (*Id.* at 2, 46.) In January 2015, Plaintiff alleges that Scales copied the entirety of *Vagabond Natural* and that

2

Amazon processed and sold—through Scales as the third-party seller—a counterfeit copy of the book. (*Id.* at 46-47.)

As a result of the above actions, on February 9, 2015, Plaintiff filed a 64-page complaint (accompanied by 60 exhibits) alleging direct, contributory, and vicarious copyright infringement, negligent spoliation of evidence, intentional infliction of emotional distress, aiding and abetting the sale of his books, and a violation of the IRPA against Amazon. (R. 1, Compl. at 20-45, 48-63.) In addition, Plaintiff brought a claim against Scales for direct copyright infringement. (*Id.* at 46-47.) Currently before the Court is Amazon's motion for judgment on the pleadings as to Counts I, II, III, V, VI, VII, VIII, and IX.[1]

## LEGAL STANDARD

Rule 12(c) permits a party to move for judgment on the pleadings alone. FED. R. CIV. P. 12(c). The pleadings consist of the "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing FED. R. CIV. P. 10(c)). In addition, Rule 12(h)(2) specifically allows a party to argue in a 12(c) motion that the plaintiff has "fail[ed] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(h)(2). Thus, a motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Factual allegations are accepted as true at the pleading stage, but "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill*

---

[1] Plaintiff's Complaint has two claims titled "Count VI," but no claim titled "Count VII." (R. 1, Compl. at 51, 55.) For the sake of clarity, the Court will refer to Plaintiff's "Negligence—Spoliation of Evidence" claim as Count VI and his "Right of Publicity" claim as Count VII.

3

*Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012). "[T]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court should grant a Rule 12(c) motion for judgment on the pleadings "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Supreme Laundry Serv., L.L.C. v. Hartford Cas. Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008) (alteration in original) (citation omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint "liberally" and holds it "to a less stringent standard than formal pleadings drafted by lawyers." *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). However, while a *pro se* litigant's pleadings are held to a lesser standard, a *pro se* litigant must still comply with the Court's rules and procedures. *See McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) ("As we often have reminded litigants, even those who are *pro se* must follow court rules and directives."); *see also McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by [*pro se* litigants] . . . be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") (internal citations omitted).

## ANALYSIS

### I. Copyright Infringement (Counts I & II)

To state a claim for copyright infringement, a plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Schrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513, 517 (7th Cir. 2009) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

4

It is undisputed that Plaintiff's Complaint satisfies the first prong of a copyright infringement claim. (R. 1, Compl. at 3-4; *see generally* R. 43, Def.'s Mot.) Amazon asserts, however, that the claim must be dismissed because Plaintiff has not sufficiently alleged the second prong—that Amazon copied the protected works. (R. 43, Def.'s Mot. at 2-3.) Specifically, Amazon contends that Plaintiff has failed to state claims for direct infringement of *Vagabond Natural* and *Vagabond Spiritual* because: (1) a title of a book is not, by itself, subject to copyright protection and, thus, the posting of the books' titles on Amazon's website cannot form the basis of a copyright infringement claim; and (2) Plaintiff "has suggested that Amazon illegally copied [the] books," but there is "no factual or legal allegation of this in the complaint, and it cannot form a basis for relief." (R. 43, Def.'s Mot. at 2 n.1.) The Court must therefore determine whether the Complaint includes factual content establishing that Amazon infringed on Plaintiff's copyrights by copying *Vagabond Natural* and *Vagabond Spiritual*. The Court finds that it does not and, therefore, the direct copyright infringement claims set forth in Counts I and II are dismissed.

As Amazon points out, Plaintiff's direct infringement claims focus largely on Amazon's posting of the titles "*Vagabond Natural*" and "*Vagabond Spiritual*" on its website. (R. 43, Def.'s Mot. at 2-3.) For example, Plaintiff alleges that Amazon: (1) "unlawfully copied the original element of[] *Vagabond Natural*[] by inputting into its catalog the copyrighted language: *Vagabond Natural* onto its computer(s) and/or its website(s)"; and (2) "directly infringed upon plaintiff's rights by inputting an exact reproduction, post and display to 'millions' viewing its website . . . of the consecutive wording[] *Vagabond Natural*." (R. 1, Compl. at 21, 24-25 (emphasis omitted); *see also id.* at 32, 35-36 (repeating same allegations for *Vagabond Spiritual*).) Similarly, Plaintiff alleges that the titles of his books are copyright protected because

5

if a user inputs the words "*Vagabond Natural*" or "*Vagabond Spiritual*" as a search term on the U.S. Copyright Office website, the search will reveal that those titles are only associated with Plaintiff's name. (R. 1, Compl. at 25-26; *see also id.* at 36-37 (repeating same allegations for *Vagabond Spiritual*).) These allegations are insufficient to support a copyright infringement claim.

A title of a copyrighted work "is not subject to copyright protection." *Wihtol v. Wells*, 231 F.2d 550, 553 (7th Cir. 1956); *see also Peters v. West*, 776 F. Supp. 2d 742, 749 (N.D. Ill. 2011) (stating that "titles by themselves are not subject to copyright protection" and concluding that the complaint "does not plausibly allege that the title of [the] Song is a protectable element of the work"); *Sweet v. City of Chi.*, 953 F. Supp. 225, 229 (N.D. Ill. 1996) ("It is well established that titles and short phrases are not protected by copyright."). Thus, regardless of how Plaintiff phrases these claims, he simply cannot maintain claims for direct copyright infringement based upon Amazon's posting of the titles *Vagabond Natural* and *Vagabond Spiritual*.

The Complaint also lacks allegations that Amazon directly engaged in the copying of his books. In support of his claim that Amazon copied Plaintiff's books, Plaintiff alleges that: (1) the books "Amazon . . . have sold . . . are not only unauthorized infringements—they are counterfeits"; (2) he has witnessed "the theft and exploitation of his property on Amazon's website"; (3) Amazon failed to stop the "theft of [his] copyrighted property"; (4) "Amazon has converted [Plaintiff's] property without [his] consent into its own use"; and (5) "Amazon has intentionally burdened [Plaintiff] with its infringement by reproduction, publication and display of [his] copyrighted works . . . ." (R. 1, Compl. at 9, 12, 15, 16, 18, 29.) Simply put, these allegations are insufficient.

6

While Plaintiff's copyright infringement claims will not "be held to a particularity requirement akin to Federal Rule of Civil Procedure 9(b)," *Mid Am. Title Co. v. Kirk*, 991 F.2d 417, 421–22 (7th Cir. 1993), Plaintiff must plead sufficient facts to meet the requisite standards of *Iqbal* and *Twombly*. Plaintiff does not allege any factual content in support of his claims or articulate any circumstances whatsoever relating to Amazon's direct copying of *Vagabond Natural* and *Vagabond Spiritual*. Instead, Plaintiff merely speculates that Amazon must have engaged in direct copyright infringement. In addition, Plaintiff's allegations of "theft," "conversion," and "counterfeiting" are precisely the sort of "naked assertions[s] devoid of further factual enhancement" that do withstand a Rule 12(b)(6) or 12(c) challenge. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also Flava Works, Inc. v. Clavio*, No. 11 C 05100, 2012 WL 2459146, at *2 (N.D. Ill. June 27, 2012) (dismissing copyright claims and noting that the plaintiff "merely alleges labels and conclusions, and does not include operative facts, such as . . . the means of its copying and/or distribution"). Thus, Plaintiff's Complaint does not sufficiently allege direct infringement of *Vagabond Natural* and *Vagabond Spiritual* by Amazon. As such, the Court grants Amazon's motion for judgment on the pleadings as to Counts I and II and dismisses Plaintiff's direct infringement claims against Amazon without prejudice.

## II. Vicarious and Contributory Copyright Infringement (Counts III & V) and Aiding and Abetting Wrongful Acts (Count VIII)

Plaintiff also brings claims against Amazon for vicarious and contributory infringement, as well as aiding and abetting the "wrongful acts" of Scales and Third-Party Sellers. (R. 1, Compl. at 43-45, 48-50, 59-60.) Because all of these claims are premised upon the alleged

copyright infringement of Scales and Third-Party Sellers,[2] and Plaintiff fails to sufficiently allege a claim for direct copyright infringement against Scales and Third-Party Sellers, these claims must be dismissed.

To state a claim for contributory and vicarious copyright infringement, a plaintiff must plead sufficient facts for a valid claim of direct copyright infringement. *See In re Aimster Copyright Litig.*, 334 F.3d 643, 654-55 (7th Cir. 2003); *see also Monotype Imaging, Inc. v. Bitstream, Inc.*, 376 F. Supp. 2d 877, 883 (N.D. Ill. 2005) ("To support a claim for contributory copyright infringement, a plaintiff must demonstrate [] direct infringement by a primary infringer."). Likewise, for an aiding and abetting claim, Illinois law requires that a plaintiff plead the elements of aiding and abetting as well as an underlying tort or wrong. *See Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006) ("Under Illinois law, to state a claim for aiding and abetting, one must allege (1) the party whom the defendant aids performed a wrongful act causing an injury, (2) the defendant was aware of his role when he provided the assistance, and (3) the defendant knowingly and substantially assisted the violation."). Thus, while the Court has already determined that Plaintiff has failed to state a claim for direct infringement by Amazon, it is necessary to determine—for purposes of Plaintiff's vicarious and contributory infringement

---

[2] In support of his vicarious copyright infringement claim, Plaintiff alleges that: (1) Amazon "had the right and ability to supervise the infringing conduct of its sold . . . counterfeits; for which Amazon's liability to [P]laintiff was [] foreseeable." (*See* R. 1, Compl. at 43-44; *see also id.* at 48-50 (In support of his contributory copyright infringement claim, Plaintiff alleges: (1) "Scales, a primary infringer, directly infringed on [Plaintiff's] copyrights"; and (2) "Amazon through its personal conduct assist[ed] in the primary infringements when it unlawfully processed an infringing sale of [Plaintiff's] book *Vagabond Natural* despite having received repeated notices of its infringements."); *id.* at 59-60 (In support of his aiding and abetting claim, Plaintiff alleges that: (1) Scales and Third-Party Sellers "performed the wrongful acts of producing counterfeit products not authorized by" Plaintiff; and (2) despite knowing that the listing of his books was "unauthorized," Amazon "assisted in the violation of selling counterfeit products when it processed" the sale of the books and provided "support services through its website[]" to Scales and Third-Party Sellers.).)

claims and his aiding and abetting claim—whether Plaintiff has stated a claim for direct copyright infringement against Scales or any Third-Party Seller.

Plaintiff's allegations against Scales for direct copyright infringement are sparse. Specifically, Plaintiff alleges that "[o]n or about January 4, 2015[,] Scales, the third-party agent seller of defendant Amazon, without authorization from [Plaintiff,] unlawfully copied in its entirety his original work of *Vagabond Natural*." (R. 1, Compl. at 46.) Like Plaintiff's allegations against Amazon for direct copyright infringement, this blanket assertion is insufficient. Plaintiff merely repeats that Scales "copied" his book, but that is all. Plaintiff provides no details whatsoever which would support his claim for the alleged wrongful copying of *Vagabond Natural* by Scales. Simply put, these claims are insufficient under *Iqbal* and *Twombly*. Because Plaintiff fails to allege a direct infringement claim against Scales or any Third-Party Seller, he cannot state claims for vicarious infringement, contributory infringement, or aiding and abetting against Amazon. *See, e.g., Zachman v. Vohra*, No. 1:15 CV 5293, 2015 WL 7423783, at *5-7 (N.D. Ill. Nov. 23, 2015) (dismissing aiding and abetting claim because the plaintiff "has failed to sufficiently allege the underlying tort"); *Flava Works*, 2012 WL 2459146, at *2-3 (dismissing vicarious and contributory infringement claims where complaint failed to state a direct infringement claim); *Sanchez & Daniels v. Koresko & Assocs.*, No. 04 C 5183, 2006 WL 3253604, at *6 (N.D. Ill. Nov. 8, 2006) (dismissing aiding and abetting claims because the plaintiff failed to sufficiently allege underlying tortious interference and abuse of process

9

claims). Thus, the Court grants Amazon's motion for judgment on the pleadings as to Counts III, IV, V, and VIII and dismisses them without prejudice.[3]

## III. Negligent Spoliation of Evidence Under State Law (Count VI)

Plaintiff also brings a spoliation claim against Amazon premised upon the allegation that, prior to March 2014, Amazon had identified its own name as a seller of Plaintiff's books on its website but, after receiving Plaintiff's notice of infringement, Amazon "removed the identity of its name from its web-display of plaintiff's copyrighted text . . . ." (R. 1, Compl. at 51-52.) Plaintiff further alleges that, as a result of Amazon removing its own name as a seller of Plaintiff's books, he has been injured because he is now unable to "ascertain a credible inventory source for the sale of [the] counterfeited books" and, therefore, cannot "prove at trial that an untold number of units were unlawfully sold to the public." (*Id.* at 52.) Among other contentions, Amazon argues that Plaintiff has failed to plead at least one of the requisite elements of a

---

[3] It is worth briefly discussing Plaintiff's contributory infringement claim so that he will be on notice of what is expected in an amended complaint should he choose to replead his claim. "[T]he succinct definition of contributory infringement [is] . . . personal conduct that encourages or assists the infringement." *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 757 (7th Cir. 2012) (citation and internal quotation marks omitted). Notably, the proper pleading of a contributory copyright infringement cause of action has been the subject of significant litigation leading to an array of conflicting opinions. *See Gordon v. Pearson Educ., Inc.*, 85 F. Supp. 3d 813, 817-23 (E.D. Pa. 2015) (collecting cases from numerous district courts, including the Northern District of Illinois, and discussing conflicting rulings in the face of similar contributory copyright infringement allegations). However, despite the conflicting case law, Plaintiff's claim fails to meet even the lowest threshold requirements. In support of Plaintiff's contributory infringement claim, he identifies two "material contributions" by Amazon to Scales' and Third-Party Sellers' direct copyright infringement. First, that "Amazon materially contributed to the infringement when it . . . copied [] and displayed on its website . . . *Vagabond Natural*." (R. 1, Compl. at 49.) However, this allegation fails because the Court has already ruled that the posting of a title alone does not constitute wrongful conduct and, thus, *assisting* in the posting of a title cannot form the basis for any claim. Second, Plaintiff alleges that Amazon materially contributed to infringement because it "processed an infringing sale of . . . *Vagabond Natural* . . . ." (*Id.*) However, a claim that Amazon processed a sale of *Vagabond Natural*, even if it was aware of the infringement, is insufficient to support a claim for contributory infringement. *Perfect 10, Inc. v. Visa Int'l Serv., Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007) (allegations that credit card company processed payment and provided "critical support to websites" were insufficient to state a claim for contributory infringement). At a minimum, if Plaintiff chooses to amend the Complaint, he must articulate how Amazon allegedly caused, induced, or encouraged Scales or Third-Party Sellers to infringe Plaintiff's books.

10

negligent spoliation claim—a duty owed to Plaintiff to preserve the evidence. (R. 43, Def.'s Mot. at 8-9.) Amazon is correct.

"The Supreme Court of Illinois has emphasized . . . that the state does not recognize a tort of intentional spoliation of evidence, and that negligent spoliation is not itself an independent tort but rather a type of negligence." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509-10 (7th Cir. 2007) (collecting cases). Therefore, a claim for spoliation of evidence is analyzed "as an ordinary negligence claim." *Id.* at 510. A plaintiff must plead the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, an injury proximately caused by the breach, and damages." *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 270 (Ill. 1995). As to the first element of this claim, "[t]he general rule is that there is no duty to preserve evidence." *Id.* However, in certain circumstances, a duty can arise. *Id.* The Illinois Supreme Court has established a two-prong test to determine whether a party has a duty to preserve evidence. *Dardeen v. Kuehling*, 821 N.E.2d 227, 231 (Ill. 2004); *Boyd*, 652 N.E.2d at 270-71. First, a duty may arise through an agreement, contract, statute, special circumstance, or the defendant's voluntary assumption of a duty through affirmative conduct. *Dardeen*, 821 N.E.2d at 231. If a duty arises, then the Court must determine whether that duty extends to the evidence at issue, in other words, whether a reasonable person should have foreseen that the evidence was material to a potential civil action. *Id.* If the plaintiff fails to satisfy the first prong, there is no duty and the Court's analysis need go no further. *Id.*; *see e.g., Grayson v. City of Aurora, Ill.*, No. 1:13–cv–01705, 2014 WL 7466763, at *2-3 (N.D. Ill. Dec. 31, 2014) (granting motion to dismiss spoliation claim and stating "because [the plaintiff] does not fulfill the relationship prong, the Court need not discuss foreseeability").

11

Plaintiff does not allege in the Complaint, or in his response to Amazon's motion, that an agreement, contract, statute, or voluntary undertaking created a duty to preserve any evidence.[4] Accordingly, Plaintiff appears to be relying on the "special circumstances" exception to the general rule that there is no duty to preserve evidence. *See Boyd*, 652 N.E.2d at 271. Illinois courts have not precisely defined what constitutes a "special circumstance," but "something more than possession and control are required, such as a request by the plaintiff to preserve the evidence and/or the defendant's segregation of the evidence for the plaintiff's benefit." *Martin v. Keeley & Sons, Inc.*, 979 N.E.2d 22, 31 (Ill. 2012). *See id.* (rejecting the plaintiff's argument that the defendant's exclusive possession, control, and destruction of evidence, coupled with lack of opportunity for the plaintiff to request the evidence be preserved, was sufficient to establish duty); *see also Chubb Indem. Ins. Co. v. 21 E. Cedar, LLC*, No. 10 CV 7111, 2013 WL 5663496, at *4 (N.D. Ill. Oct. 17, 2013) (holding that the counterclaim's allegation that the plaintiff "had the ability to preserve the premises" did not provide a basis for the existence of a duty, including a "special circumstance" giving rise to a duty). Similarly, courts have held that a potential defendant, despite being aware of the plaintiff's injury, has no duty to preserve evidence if the plaintiff does not specifically ask the defendant to preserve the evidence before it is destroyed in the ordinary course of business. *See, e.g., Olivarius v. Tharaldson Prop. Mgmt.*, 695 F. Supp. 2d 824, 830 (N.D. Ill. 2010) (finding no special circumstances where plaintiff merely notified defendant of the injury and defendant destroyed the evidence pursuant to ordinary business practices before litigation began); *Welch v. Wal-Mart Stores, Inc.*, No. 04 C 50023, 2004 WL 1510021, at *3-4 (N.D. Ill. July 1, 2004) (finding that Wal-Mart had no duty to preserve

---

[4] While not entirely clear, Plaintiff's response does reference the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, and *ALS Scan, Inc. v. RemarQ Communities, Inc.*, 239 F.3d 619, 625 (4th Cir. 2001), to suggest that Amazon had a duty to preserve evidence. (R. 48, Pl.'s Resp. at 11.) However, Plaintiff provides little discussion on this issue, and the Court has not found any case law holding that the DMCA imposes a statutory duty on online retailers to preserve evidence on behalf of a potential litigant.

12

videotape of plaintiff who was injured on the premises even though Wal-Mart allegedly had notice of the injury and possession of the videotape).

Here, Plaintiff alleges that Amazon owed a duty to Plaintiff "by reason of its affirmative act of spoliation of evidence," and that because Amazon is a "tortfeasor," it has "[a] duty to assist [its] victim." (R. 1, Compl. at 51-52.) These allegations fail for numerous reasons. First, Plaintiff's claim that Amazon owed a duty to preserve any evidence based upon its own act of evidence destruction is circular and nonsensical. Plaintiff must allege the existence of a duty separate and apart from Plaintiff's own subjective belief that Amazon has a duty. His allegation is insufficient. Next, as previously stated, there is no general duty to preserve evidence. *Boyd*, 652 N.E.2d at 270-71. Alleging that Amazon is a "tortfeasor" and, therefore, has a duty to its victim (Plaintiff) is nothing more than an allegation that Amazon has a general duty to preserve evidence—which it does not.

Finally, the Complaint contains no other allegations demonstrating the "special circumstances" exception. Indeed, Plaintiff never alleges that he specifically asked Amazon to retain any evidence. While Plaintiff alleges that in March 2014 he wrote Amazon a letter regarding the sale of *Vagabond Natural* and *Vagabond Spiritual*, the letter—which is quoted in the Complaint and attached as an exhibit—contains no requests for Amazon to preserve any evidence. (R. 1, Compl. at 12-14.) In fact, the letter requests that Amazon "remove the aforestated [sic] titles from all of your websites . . . ." (R. 1, Ex. 8 to Compl.) In addition, there are no allegations that Amazon informed Plaintiff that it intended to preserve any evidence, or that Amazon voluntarily segregated any evidence for Plaintiff's benefit. By failing to allege "something more than possession and control," *Martin*, 979 N.E.2d at 31, or that he specifically

requested Amazon to preserve evidence, Plaintiff fails to plead the special circumstances that gave rise to a duty by Amazon.

Because the Court finds that Plaintiff failed to plausibly allege that Amazon owed him a duty to preserve evidence, the Court need not address Amazon's remaining arguments regarding causation and damages. The Court grants Amazon's motion for judgment on the pleadings as to Count VI and dismisses Plaintiff's spoliation claim without prejudice.

## IV.     Violation of Illinois Right of Publicity Act (Count VII)

Plaintiff claims that, beginning in March 2014, Amazon violated the IRPA, and misappropriated Plaintiff's name and likeness when it ran ads for "Pampers Cruisers," "U-verse High Speed Internet," Amazon's own Kindle, "Trip Advisor, Urban Outfitters, and the Orbis Corporation" alongside Plaintiff's name. (R. 1, Compl. at 55-56.) Plaintiff claims that he never gave Amazon "consent to use the identity of his name or likeness with the [ ] Ad exhibits," and that these ads were for the benefit of "Amazon, Proctor and Gamble & AT&T." (*Id.* at 55.)

As Amazon argues, Plaintiff's claim is prohibited by the IRPA. (R. 43, Def.'s Mot. at 10.) The IRPA expressly "does not apply to . . . use of an individual's name in truthfully identifying the person as the author of a particular work." 765 ILL. COMP. STAT. 1075/35(b)(3). Put simply, Plaintiff's claim is premised on Amazon running a series of ads alongside the postings of *Vagabond Natural* and *Vagabond Spiritual*, which lists Plaintiff's name as the author. Plaintiff admits that he is the author of these two books, and he does not make any additional allegations demonstrating how Amazon misappropriated his name or likeness. Plaintiff's response does not address the IRPA or direct the Court to any case law that would demonstrate that the exclusion does not preclude his claim. (*See generally* R. 48, Pl.'s Resp. at 12.) Plaintiff cannot bring a claim under the IRPA merely based upon Amazon listing his name

14

as an author of *Vagabond Natural* and *Vagabond Spiritual* alongside the ads that Amazon posts. Thus, the Court grants Amazon's motion for judgment on the pleadings as to Count VII and dismisses Plaintiff's Right of Publicity Act claim without prejudice.

V. **Intentional Infliction of Emotional Distress (Count IX)**

Finally, Plaintiff brings a state law intentional infliction of emotional distress claim against Amazon based upon its repeated posting of Plaintiff's books and failure to remove the postings. (R. 1, Compl. at 61-63.) However, Plaintiff's Complaint fails to state a cause of action for intentional infliction of emotional distress.

To state a claim for intentional infliction of emotional distress: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). As to the first element of this claim, Illinois courts have consistently held that the conduct must be particularly egregious. Specifically,

> [i]t has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

*Pub. Fin. Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976) (citation omitted); *see also Swearnigen-El v. Cook Cty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010) ("To meet the extreme and outrageous standard, the defendants' conduct must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." (citation internal quotation marks omitted)). "The Illinois Supreme Court has offered the

15

following examples of conduct satisfying the outrageousness element: a decade-long pattern of domestic abuse involving frequent physical injury; a police officer's refusal to break down a door for a sexual assault victim while an intruder raped the victim's daughter on the other side; on-air comments by radio disc-jockeys that a caller's wife and child, sufferers of 'Elephant Man disease,' had abnormally large head and deformed heads." *Carroll v. YMCA of Metro Chi.*, 13-CV-9307, 2015 WL 149024, at *5 (N.D. Ill. Jan. 9, 2015) (collecting Illinois Supreme Court case law) (internal citations omitted).

In support of his claim, Plaintiff alleges: (1) it is "outrageous that Amazon a wealthy company would take from [Plaintiff] who is financially poor"; (2) Amazon is "intentionally disregard[ing] . . . [Plaintiff] as a legitimate inventory source, avariciously preferring unlawful means over the lawful"; (3) Amazon "having assumed a duty to know the credibility of its inventory source and with repeated notifications since March of 2014 through January of 2015 to remove its unauthorized listings, [Amazon] . . . knew that its conduct would cause [Plaintiff] severe emotional distress"; and (4) Plaintiff has "experienced emotional distress which is ongoing at seeing the theft and exploitation of his property on Amazon's website." (R. 1, Compl. at 61-62.) In essence, Plaintiff is upset because Amazon allegedly failed—despite Plaintiff's repeated requests—to take down the postings of *Vagabond Natural* and *Vagabond Spiritual*.

Put simply, these allegations would not cause the Court or "an average member of the community . . . to exclaim 'Outrageous!'" *Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 567 (7th Cir. 1997) (citation omitted). "Under no circumstances [do] mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities qualify as outrageous conduct." *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 80 (Ill. 2003) (internal citations and internal quotation marks omitted). While Amazon's alleged actions were no doubt upsetting, the Court agrees with Amazon that the

16

conduct described by Plaintiff is not the type of extreme and outrageous conduct that would give rise to an intentional infliction of emotional distress claim. While Plaintiff claims that he asked Amazon to remove these listings at least three times, Amazon's alleged failure to remove the postings in a timely fashion does not demonstrate behavior that exceeds all bounds of human decency. As pled and in light of the case law, Amazon's actions simply do not rise to the level of truly extreme and outrageous conduct. Thus, because Plaintiff fails to allege sufficient extreme and outrageous conduct, the Court grants Amazon's motion for judgment on the pleadings as to Count IX and dismisses Plaintiff's intentional infliction of emotional distress claim without prejudice.

## CONCLUSION

Amazon's motion for judgment on the pleadings (R. 42) is GRANTED. However, while the Court dismisses all of Plaintiff's claims, his failure to adequately plead his claims at this early stage in the litigation is not fatal. The U.S. Court of Appeals for the Seventh Circuit has directed that "if a district court dismisses for failure to state a claim, the court should give the party one opportunity to try to cure the problem, even if the court is skeptical about the prospects for success." *Bausch v. Stryker*, 630 F.3d 546, 562 (7th Cir. 2010). In the interest of justice, since Plaintiff is proceeding *pro se*, he will be granted leave to file an amended complaint consistent with this opinion by February 16, 2016. Plaintiff is again urged to consult with an attorney prior to filing any proposed amended complaint in this matter. Plaintiff's failure to file an amended complaint by the deadline will result in the dismissal of this case with prejudice.

Finally, the Court again requests that Amazon attempt to resolve this dispute with Plaintiff by making a formal settlement offer to Plaintiff. The Court understands why Plaintiff beliefs his works have been unfairly used, but this alone does not avoid the result herein.

ENTERED: /s/ Ruben Castillo
**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: December 8, 2015**